IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON BEIER, BRADLEY DOBBS, and BRADLEY GRAMMER, <br><br>  Plaintiffs, <br><br> v. <br><br> DONALD HOYT EARN, KANSAS CITY SOUTHERN RAILROAD, and PROFESSIONAL TRANSPORTATION, INC., <br><br>  Defendants. | Case No. CIV-22-153-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendant Donald Hoyt Earn's Motion to Dismiss Crossclaims of Defendant Kansas City Southern Railroad and Professional Transportation, Inc. (Docket Entry #32). Plaintiffs initiated this action on May 23, 2022, and an Amended Complaint was filed on June 27, 2022. All Defendants answered the Amended Complaint on July 11, 2022, and Defendants Kansas City Southern Railroad ("KCSR") and Professional Transportation, Inc. ("PTI") asserted crossclaims for contribution against Defendant Earn. The parties consented to the undersigned Magistrate Judge on August 24, 2022.

Plaintiffs' Amended Complaint includes claims of negligence against Defendants Earn and PTI and a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq. ("FELA"), against KCSR. *See* Docket Entry #21. The allegations in the Amended

Complaint generally arise from an accident that occurred on April 10, 2021, wherein Plaintiffs were acting in the scope of their employment with KCSR and riding in a van, operated by PTI, when they were hit head on by a vehicle driven by Defendant Earn. In their answers to Plaintiffs' Amended Complaint, both KCSR and PTI allege crossclaims for contribution against Defendant Earn. *See* Docket Entry #29, p. 18; Docket Entry #30, p. 17.

Defendant Earn contends that the crossclaims for contribution are not legally viable under Oklahoma law because KCSR and PTI have alleged that Plaintiffs' accident was caused solely by the negligence of Defendant Earn, which is contrary to a claim for contribution under Okla. Stat. tit. 12, §832(B). Defendant Earn further asserts that because Oklahoma has adopted several liability pursuant to Okla. Stat. tit. 23, § 15, KCSR and PTI will never have to pay more than their proportionate share of liability for Plaintiffs' injuries and their contribution claims are therefore not legally viable and should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

In their response, Defendants KCSR and PTI contend that even though Oklahoma has eliminated joint and several liability, FELA applies the principles of joint and several liability, which could

2

result in KCSR and PTI paying more than their proportional share of liability. They argue that Plaintiffs' rights under FELA and their corresponding right to seek contribution from joint tortfeasors is a substantive matter governed by federal law. KCSR and PTI rely on the United States Supreme Court's decision in *Norfolk & Western Railway Company v. Ayers*, 538 U.S. 135 (2003), for authorization to seek contribution against Defendant Earn, maintaining that *Norfolk* is dispositive of the issue raised by Defendant Earn's Motion.

A plaintiff's claims are required to meet the plausibility standard enunciated in United States Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Clearly, *Bell Atlantic* changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citation omitted). *Bell Atlantic* stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 679, quoting *Bell Atlantic*, 550 U.S. at 570.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The *Bell Atlantic* case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). *Khalik*, 671 F.3d at 1191. Rather, in *Khalik*, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of *Erickson v. Pardus*, 551 U.S. 89 (2007), wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 93.

This Court agrees with KCSR and PTI that *Norfolk* contemplates that the railroad in FELA actions may seek contribution from third parties. *See Norfolk*, 538 U.S. at 162 ("The federal and state reporters contain numerous FELA decisions stating that railroad employers may be held jointly and severally liable for injuries caused in part by the negligence of third parties, and even more recognizing that FELA defendants may bring indemnification and

4

contribution actions against third parties under otherwise applicable state or federal law."). Such a claim, however, is governed by state law. *See BNSF Railway Co. v. Seats, Incorporated*, 361 F.Supp.3d 947, 955 (D. Neb. 2019) ("'State law governs a railroad's right to recover indemnity or contribution from a third party for liability incurred under FELA.'"), quoting *Madden v. Antonov*, 966 F.Supp.2d 851, 856 (D. Neb. 2013).

Oklahoma law provides that "[i]n any civil action based on fault and not arising out of contract, the liability for damages caused by two or more persons shall be several only and a joint tortfeasor shall be liable only for the amount of damages allocated to that tortfeasor." Okla. Stat. tit. 23, § 15(A). Oklahoma law also allows for a contribution claim under the Uniform Contribution Among Tortfeasors Act:

> A.   When two or more persons become jointly or severely liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section.
>
> B.   The right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share. No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

Okla. Stat. tit. 12, § 832. A "pro rata share" means "apportioned according to each tortfeasor's degree of fault." *National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 784 P.2d 52, 57 (Okla. 1989).[1] "For a person to seek contribution under the [Act], the parties must be jointly or severally liable. An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient." *Daugherty v. Farmers Cooperative Assoc.*, 790 P.2d 1118, 1120-21 (Okla. Civ. App. 1989), cited by *Chesapeake Appalachia, L.L.C. v. Cameron International Corp.*, 2014 WL 7187082, at *4 (W.D. Okla., Dec. 16, 2014); *Shaw v. Cherokee Meadows, LP*, 2018 WL 2967708, at *2 (N.D. Okla., June 12, 2018); and *AMC West Housing LP v. NIBCO, INC.*, 2021 WL 4302246, at *3 (W.D. Okla., Sept. 21, 2021).

---

[1] In *AMC West Housing LP v. NIBCO, Inc.*, 2021 WL 4302246 (W.D. Okla., Sept. 21, 2021), the court determined Okla. Stat. tit. 23, § 15(A) and Okla. Stat. tit. 12, § 832 "are not irreconcilable, and the elimination of joint liability actions based on fault does not necessarily preclude the possibility that a joint tortfeasor will pay more than its proportionate share of liability in some limited situations." *Id*. at *3. In reaching its conclusion, the court reasoned "§ 832 permits contribution when multiple parties are liable 'in tort[,]' . . . and "speaks to a wider range of conduct than § 15[,] . . . which "is not so broadly worded." *Id*. This Court believes that a FELA action could create such a situation. *See Norfolk*, 538 U.S. at 165 ("Once an employer has been adjudged negligent with respect to a given injury, it accords with the FELA's overarching purpose to require the employer to bear the burden of identifying other responsible parties and demonstrating that some of the costs of the injury should be spread to them.").

6

KCSR's crossclaim against Defendant Earn for contribution alleges as follows:

> 86. The April 10, 2021 motor vehicle accident that forms the basis for Plaintiffs' Amended Complaint was ***caused solely*** by the negligence of Defendant Earn.
>
> 87. Because the subject accident was ***caused solely by the negligence of Earn and not by any negligence of Defendant***, any amount paid by Defendant for Plaintiffs' claims would be in excess of its pro rat[a] share of liability, ***the same being none***.
>
> 88. Accordingly, Defendant Earn is liable in contribution for any amounts Defendant may pay on the claims asserted by Plaintiffs, with the amount of said contribution to be determined.

*See* Docket Entry #29, p. 18 (emphasis added). The same allegations are included in PTI's crossclaim against Defendant Earn. *See* Docket Entry #30, p. 17.

This Court agrees with Defendant Earn that the contribution claims alleged by KCSR and PTI assert that Defendant Earn is "solely" liable and that KCSR and PTI are not liable at all to Plaintiffs.[2] KCSR and PTI fail to allege the joint and several liability required to bring a claim for contribution against Defendant Earn. *See Shaw*, 2018 WL 2967708, at *2 ("Because the Crossclaim effectively seeks to shift all liability to plaintiffs from Carland Group and Cherokee Meadows to Blackedge, the

---

[2] Defendants KCSR and PTI do not respond to this portion of Defendant Earn's argument in their response brief.

7

Crossclaim cannot reasonably [be] construed to seek contribution."), citing *Daugherty*, 790 P.2d at 1120-21 ("An allegation that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all, is insufficient. There can be no contribution in this situation."). For this reason, KCSR and PTI have failed to state plausible contribution claims against Defendant Earn.

IT IS THEREFORE ORDERED that Defendant Donald Hoyt Earn's Motion to Dismiss Crossclaims of Defendants Kansas City Southern Railroad and Professional Transportation, Inc. (Docket Entry #32) is hereby GRANTED for the reasons discussed herein. The crossclaims for contribution are dismissed without prejudice.

IT IS SO ORDERED this 31st day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE